IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| VIRTUA HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> DISKRITER, INC., <br><br> Defendant. | Civil No. 19-21266 (RMB/JS) <br><br> **MEMORANDUM OPINION & ORDER** |

This matter comes before the Court upon Plaintiff Virtua, Inc.'s Motion to Confirm Arbitration Award [Dkt. No. 4] and Defendant Diskriter, Inc's Cross-Motion to Remand this case [Dkt. No. 9]. Diskriter argues that "the Court should not grant [Virtua's] Motion to Confirm Arbitration Award as the same should have been filed in the State Courts." [Dkt. 9-1, p. 1] Based on this argument, Diskriter asserts that this case should be "[r]emand[ed] . . . to the Superior Court of New Jersey." [Id.]

Diskriter's Cross-Motion to Remand is frivolous insofar as this case was never removed from state court; Virtua filed the instant suit in this Court in the first instance. To state the obvious, this Court cannot remand a case that was never removed in the first place.

1

Moreover, Diskriter's argument that this suit should have been filed in state court is not supported by the parties' arbitration agreement. Relying on the choice of law provision, which selects New Jersey law, and the choice of forum provision, which states that the parties' disputes shall be submitted to arbitration in Burlington County, Diskriter erroneously concludes that the parties selected New Jersey State Court as the forum for this suit to enforce the arbitration award. The parties' agreement says no such thing. To the contrary, the agreement expressly states that "[j]udgment on the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof." [Dkt. 9-4, ¶ 22]  By filing the instant petition and motion to confirm the arbitration award, Virtua is seeking a judgment on the award. Furthermore, this Court has jurisdiction to enter the judgment sought; the parties are completely diverse[1], the amount in controversy exceeds the statutory minimum[2], and this Court sitting in diversity, pursuant to the New Jersey Arbitration Act, may confirm the arbitration award and enter judgment. N.J.S.A. § 2A:23B-22 (confirmation of award); § 2A:23B-25

---

[1]  Virtua is a citizen of New Jersey (Petition ¶ 1).  Diskriter is a citizen of Pennsylvania. (Petition ¶ 2)

[2]  Among other relief sought, Virtua seeks "$121,245.39 as the full amount of the Final Award for reasonable counsel fees and costs incurred in the arbitration." (Petition ¶ 29)

(judgment on award).

Finally, Diskriter requests, in the last line of its letter brief, "[i]n case the Court is not inclined to direct the petitioner to file in State Court, it is respectfully requested that Respondent be given an opportunity to oppose the enforcement of the Award and seek vacating of the same." [Dkt. 9-1, p. 6][3] While Diskriter could have-- and most prudently should have-- included alternative arguments in its current filing, the Court is cognizant of the preference for deciding cases on their merits, rather than on procedural grounds.  At this early stage of the case, the Court discerns no prejudice to Virtua in allowing Diskriter an opportunity to present <u>any and all other arguments</u> in opposition to the Petition and Motion to Confirm the Arbitration Award.[4]  Accordingly,

**IT IS** on this **20th** day of **February, 2020**, hereby **ORDERED** that:

(1) On or before March 9, 2020, Diskriter shall file a <u>comprehensive</u> brief presenting <u>all</u> arguments in opposition to

---

[3] Diskriter obliquely references "glaring procedural and substantive issues" related to the arbitration proceeding but does not elaborate on what those issues were. [Dkt. 9-1., p. 2]

[4] In a footnote, Virtua asserts in conclusory fashion that it has been, and will continue to be, prejudiced by the "delay" in recovering the arbitration award. [Dkt. 12, p. 9 n.4]  Any such delay can be adequately compensated by an award of post-award interest, which Virtua has specifically sought as relief in this suit. [See Petition ¶ 29]

3

Virtua's Motion to Confirm Arbitration Award, and/or in support of Diskriter's request to vacate the Arbitration Award. Diskriter's brief shall comply with the Court's Local Rules governing the length and formatting of briefs.

(2) On or before March 23, 2020, Virtua shall file a reply and/or opposition to Diskriter's filing. Virtua's brief shall comply with the Court's Local Rules governing the length and formatting of briefs.

s/ Renée Marie Bumb
_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
