[Docket No. 04, 33]

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
                                    :
VIRTUA HEALTH, INC.                 :
                                    :
              Petitioner            :    Civil No. 19-21266 (RMB/JS)
                                    :
      v.                            :
                                    :    OPINION
DISKRITER, INC.,                    :
                                    :
              Respondent            :
                                    :
```

**APPEARANCES:**

REED SMITH LLP
By: Wayne C. Stansfield, Esq.; Mark W. Fidanza, Esq.
Three Logan Square, Suite 3100
1717 Arch Street
Philadelphia, PA 19103
     Counsel for Petitioner Virtua Health, Inc.

LAW OFFICES OF SUSHEELA VERMA
By: Susheela Verma, Esq.
485 E U.S. Route 1 South
Woodbridge Corporate Plaza, Suite 240
Iselin, NJ 08830
     Counsel for Respondent Diskriter, Inc.

**BUMB**, District Judge:

THIS MATTER comes before the Court upon Petitioner Virtua Health, Inc.'s ("Virtua") Motion to Confirm ("Motion") [Dkt. No. 04] an Arbitration Award dated October 21, 2019 (the "Award") and Respondent Diskriter, Inc.'s ("Diskriter) [Second] Opposition and Cross-Motion to Vacate the Award ("Second Cross-

Motion") [Dkt. No. 33].  For the reasons set forth below, Virtua's Motion will be **GRANTED** and Diskriter's Cross-Motion will be **DENIED**.

## I.  <u>BACKGROUND & PROCEDURAL HISTORY</u>

### A. <u>The Agreement</u>

This case revolves around a Transcription Services Agreement (the "Agreement") made between Virtua, a medical service provider, and Diskriter, a provider of medical transcription services.  The Agreement went into effect on March 22, 2004, and was periodically renewed and revised by the parties, including in a 2010 Renewal Addendum, which covered a two-year period from July 1, 2010 through June 30, 2012.

On December 30, 2015, Diskriter claimed Virtua owed it money for services it believed had inadvertently been under-billed.  Virtua disagreed based on its reading of the 2010 Renewal Addendum.  The parties were unable to reach a resolution.

### B. <u>The Arbitration</u>

On April 17, 2018, Diskriter filed a Demand for Arbitration with the American Arbitration Association ("AAA"), initially seeking $267,527.21 for Virtua's alleged breach of the Agreement.  Diskriter later amended its monetary demand to $242,651.87.

The Honorable Francis J. Orlando, Jr., J.S.C. (Ret., N.J. Super. Ct.) was appointed as Arbitrator (the "Arbitrator").

On February 5, 2019, the parties agreed to resolve the matter via Motions for Summary Judgment.  On March 20, 2019, the parties submitted a Joint Statement of Undisputed Material Facts and Appendix of Exhibits.  On April 19, 2019, the parties submitted their Motions for Summary Judgment.  On May 20, 2019, the parties submitted their Opposition briefs.  On June 28, 2019, oral argument was held on the motions at the Arbitrator's Cherry Hill office, after which the parties were permitted to supplement the record.  Virtua submitted an affidavit and supporting exhibits.  On July 10, 2019, the record was closed.

On August 7, 2019, the Arbitrator issued an Opinion on the merits of the Motions for Summary Judgment (the "Opinion"), and an Order and Partial Final Award (the "First Order").  The First Order (a) denied Diskriter's Motion for Summary Judgment; (b) granted Virtua's Motion for Summary Judgment; (c) awarded Virtua reasonable attorney's fees and costs; and (d) re-opened the record to allow Virtua to submit an application for attorney's fees and costs, and Diskriter to respond to that application.

On August 27, 2019, Diskriter submitted a letter request for reconsideration of the Opinion and First Order.  On September 3, 2019, Virtua submitted a letter in opposition.  On

September 9, 2019, the Arbitrator issued an Opinion and Order (the "Second Order") denying Diskriter's request.

On September 6, 2019, Virtua submitted its application for attorney's fees and costs, totaling $156,573,69, and supplemented with an affidavit on September 23, 2019. On September 26, 2019, Diskriter submitted its opposition to the application. On October 3, the Arbitrator issued an Opinion (the "Final Opinion") awarding Virtua $121,245.39 for reasonable attorney's fees and costs, plus reimbursement for both administrative fees paid to AAA and compensation paid to the Arbitrator, for a total of $127,524.39.

On October 21, 2019, the Arbitrator issued the Final Award, ordering Diskriter to pay Virtua all awarded sums within thirty days. To this point, no payment has been made.

C. The District Court Proceedings

On December 11, 2019, Virtua filed its initial Petition to Confirm the Award (the "Petition") [Dkt. No. 1] in this Court. On December 12, 2019, Virtua filed a motion to confirm the Award (the "Motion") [Dkt. No. 4]. On January 21, 2020, Diskriter responded with an opposition and cross-motion to remand the matter to the Superior Court of New Jersey (the "First Cross-Motion") [Dkt. No. 9].

On February 20, 2020, the Court issued a Memorandum Opinion and Order (the "Memorandum Opinion") [Dkt. No. 15]. In it, the

Court declared Diskriter's First Cross-Motion "frivolous"
insofar as the matter was original to the District Court and had
not been removed from state court. (Memorandum Opinion at 1)
The Court also held that it had jurisdiction, sitting in
diversity, to consider Virtua's motion and to enter the judgment
sought. (Memorandum Opinion at 2)  In the interest of deciding
the case on the merits, and seeing no prejudice to Virtua, the
Court directed Diskriter to "file a comprehensive brief
presenting <u>all</u> arguments in opposition to Virtua's Motion to
Confirm Arbitration Award, and/or in support of Diskriter's
request to vacate the Arbitration Award." (Memorandum Opinion at
3-4)

After requesting and receiving several extensions,
Diskriter filed a second opposition to Virtua's Motion and
cross-motion to vacate the Award (the "Second Cross-Motion") on
May 20, 2020.  Virtua filed its Reply on June 2, 2020.

## II.  <u>LEGAL STANDARD</u>

The Agreement contains a choice of law provision which
states that "all questions with respect to the construction of
this Agreement and the rights and liabilities of the parties
shall be governed by the laws of New Jersey." (Agreement at
Paragraph 22)  This is in harmony with Third Circuit precedent,
which holds that a federal court sitting in diversity "must
apply the substantive laws of its forum state." <u>Lafferty v. St.</u>

Riel, 495 F.3d 72, 76 (3d Cir. 2007), as amended (Jul. 19,
2007), as amended (Nov. 23, 2007).

Issues regarding arbitration are therefore governed by the
New Jersey Arbitration Act (the "NJAA" or "Act"), N.J.S.A. §
2A:23B-1 to -32.  The NJAA "extends judicial support to the
arbitration process subject only to limited review." Barcon
Assocs. v. Tri-Cnty. Asphalt Corp., 430 A.2d 214, 218 (N.J.
1981) (interpreting predecessor Act, N.J.S.A. 2A:24-1 to -11).
Under the NJAA, an arbitration award is generally presumed
valid. Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
859 A.2d 742, 747 (N.J. Super. Ct. App. Div. 2004), cert.
granted, 871 A.2d 95, appeal dismissed, 950 A.2d 901 (Mem) (N.J.
2005).  It is well-settled that "there is a strong preference
for judicial confirmation of arbitration awards." Linden Bd. of
Educ. v. Linden Educ. Ass'n, 997 A.2d 185, 190 (N.J. 2010)
(internal quotations omitted).

A court's "scope of review of an arbitration award is
narrow[,]" lest "the purpose of the arbitration contract, which
is to provide an effective, experient, and fair resolution of
disputes . . . be severely undermined." Fawzy v. Fawzy, 973 A.2d
347, 355 (N.J. 2009). "[T]he party opposing confirmation has the
burden of establishing statutory grounds for vacation." ERG
Renovation & Const., LLC v. Delric Const. Co., Inc., No. A-1739-
13T1, 2014 WL 7506759, at *4 (N.J. Super. Ct. App. Div. Jan. 12,

2015) (quoting Pressler & Verniero, Current N.J. Court Rules, comment 3.3.3 on R. 4:5-4 (2015)); see also Twp. of Wyckoff v. PBA Local 261, 976 A.2d 1136, 1142 (N.J Super. Ct. App. Div. 2009).

Pursuant to N.J.S.A. § 2A:23B-23, there are six grounds upon which an arbitration award may be vacated:

(1)  the award was procured by corruption, fraud, or other undue means;

(2)  the court finds evident partiality by an arbitrator; corruption by an arbitrators; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(3)  an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to [N.J.S.A. Section 2A:23B-15] so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4)  an arbitrator exceeded the arbitrator's powers;

(5)  there was no agreement to arbitrate . . . ; or

(6)  the arbitration was conducted without proper notice of the initiation of an arbitration . . .

N.J.S.A. § 2A:23B-23.

The Supreme Court of New Jersey in Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc., 640 A.2d 788 (N.J. 1994), held that vacatur of an arbitration award is limited to the NJAA's statutory grounds.  This overruled the previous standard created in Perini Corp. v. Greate Bay Hotel & Casino, Inc., 610 A.2d 364

(N.J. 1992), which "permitted judicial intervention for gross errors of law by the arbitrators." ERG, 2014 WL 7506759, at *5.

### III. <u>ANALYSIS</u>

A. <u>Motions to Confirm/Vacate</u>

Both parties agree that the Agreement is governed by the NJAA. As stated *supra*, under the NJAA an arbitration award is presumed valid. <u>Del Piano</u>, 859 A.2d at 747. There is moreover a strong policy preference for confirmation of an arbitration award. <u>Linden Bd. of Educ.</u>, 997 A.2d at 190. As the party opposing confirmation, Diskriter bears the burden of establishing grounds for the Court to vacate the Award.

Diskriter's sole argument for vacation under consideration in its Second Cross-Motion is that the Arbitrator acted in "manifest disregard of the applicable law."[1] Specifically, Diskriter asserts that the Arbitrator erred in concluding that "the lowest tier rate which existed at the end of year 2011 had

---

[1] A substantial portion of Diskriter's Second Cross-Motion (pages 3-5, 8-15, 19) is devoted to relitigating an argument it made in its First Cross-Motion, that the choice of law and choice of forum provisions in the Agreement require Virtua to seek confirmation of the Award in a New Jersey state court exclusively. This Court previously held that Diskriter's interpretation is "erroneous[ ]" and "not supported by the parties' arbitration agreement." (Memorandum Opinion at 2) The Court also held, as noted *supra*, that it indeed has jurisdiction to confirm the Award. (Id.) The Court then provided Diskriter "an opportunity to present <u>any</u> <u>and</u> <u>all</u> <u>other</u> <u>arguments</u>" in opposition to Virtua's Motion. (Id. at 3) The Court's ruling was not merely advisory – it is the law of this case.

to be the billing rate for the period January 1, 2012 to June 30, 2012", and that this error was contrary to the requirement that evidence considered for the purpose of summary judgment be "viewed in the light most favorable to the non-moving party".

Diskriter cites no New Jersey state court precedent for vacating an arbitration award based on an arbitrator's "manifest disregard for the law."  This is because no currently viable precedent exists.  The Third Circuit has recognized "manifest disregard for the law" as a common law basis for vacatur. See, e.g., Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  As explained in Section II supra, however, New Jersey has limited vacatur to the NJAA's statutory grounds. See Tretina, 640 A.2d at 793; see also ERG, 2014 WL 7506759, at *9 (holding that, in light of Tretina, "it is clear that our review is limited by a narrow construction of the enumerated, exclusive grounds for vacatur under N.J.S.A. 2A:23B-23, and that judicial intervention based on gross errors of law by arbitrators is no longer warranted.").  "Manifest disregard for the law" is not among the grounds enumerated in the statute. See N.J.S.A. § 2A:23B-23. Rather, grounds for vacatur are limited to corruption, fraud, or other forms of misconduct on the part of the arbitrator. See id. Diskriter has not alleged such wrongdoing here.

Yet even if the Court were permitted to review the Arbitrator's decision for "manifest disregard for the law",

9

Diskriter would fail to meet its burden under the Third Circuit
standard, which is a deferential one.  See, e.g., Sutter v.
Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012), as
amended (Apr. 4, 2012), aff'd, 569 U.S. 564 (2013).  If an
arbitrator makes "a good faith attempt to [interpret and enforce
the contract], **even serious errors of law or fact** will not
subject [the] award to vacatur." Id. at 220 (emphasis added).
Here, Diskriter argues that the Arbitrator manifestly
disregarded the law by supplying a billing rate for 2012 where
one was not explicitly set forth in the Agreement.  However, a
review of the Arbitrator's Opinion indicates that he applied
standard principles of contract interpretation.  His analysis is
introduced with a clear statement of his approach:

> Contracts are to be read as a whole in a fair and common
> sense manner.  When the terms of a contract are clear and
> unambiguous, the agreement will be enforced as written.

(Opinion at 6)

These statements, as befits a retired state court judge, are
concise summations of New Jersey law.  See, e.g., Hardy ex rel.
Dowdell v. Abdul-Matin, 965 A.2d 1165, 1169 (N.J. 2009) ("A
basic principle of contract interpretation is to read the
document as a whole in a fair and common sense manner."); East
Brunswick Sewer Authority v. East Mill Associates, Inc., 838
A.2d 494, 497 (N.J. Super Ct. App. Div. 2004) (citing County of
Morris v. Fauver, 707 A.2d 958, 969 (N.J. 1998)) ("When the

terms of a contract are clear, the court must enforce them as written.")

Rather than look at the first half of 2012 in a vacuum, the Arbitrator reviewed the written 2010 Renewal Addendum as a two-year contract.  Within that document, the only provision for a billing rate change was one effective January 1, 2011.  The Arbitrator reasoned that, had the parties intended to change the billing rate for 2012, they would have memorialized that change in the Agreement as well.  In other words, the Arbitrator read the Agreement "as written."

The Arbitrator also looked to the parties' course of conduct to determine their intentions.  Diskriter sent invoices for services provided during the first half of 2012 at the 2011 rate, and Virtua paid them promptly and in full.  This, to the Arbitrator, supported the assessment that the parties intended to hold the 2011 rate over into 2012.  This, as well, is a proper method of contractual interpretation under New Jersey law.  See, e.g., EQR-LPC Urban Renewal North Pier, LLC v. City of Jersey City, 173 A.3d 243, 250 (N.J. Super. Ct. App. Div. 2016) ("[A] court may discern the parties' intent from evidence bearing on the circumstances of the agreement's formation . . .and of the parties' behavior in carrying out its terms") (internal citations omitted).  It is clear to this Court that the Arbitrator made a "good faith attempt" to interpret the

11

contract under New Jersey law.  The Award therefore is entitled
to the Court's deference.  Were the Court permitted under New
Jersey law to do so, it would <u>not</u> find that the Arbitrator
rendered his decision with manifest disregard for the law.

Because the Court finds no basis to vacate the Award, and
because there is no pending application to modify or correct the
Award, the Court will deny the Cross-Motion and confirm the
Award. <u>See</u> N.J.S.A. § 2A:23B-23(d) ("If the court denies an
application to vacate an award, it shall confirm the award
unless an application to modify or correct the award is
pending".)

B. <u>Virtua's Request for Attorney's Fees and Costs</u>

Virtua requests an award of reasonable attorney's fees and
costs for its post-arbitration efforts to enforce the Award.
The Award already includes an award to Virtua of reasonable
attorney's fees and costs incurred in the course of arbitration
proceedings.

The Act allows for such an award, stating that a court "may
add reasonable attorney's fees and other reasonable expenses of
litigation incurred in a judicial proceeding after the award is
made to a judgment confirming . . . an award." N.J.S.A. §
2A:23B-25(c).  New Jersey courts have held this provision to
apply only where the underlying agreement specifies that the
prevailing party is entitled to a fee award. <u>See</u>, <u>e.g.</u>,

12

Blaichman v. Pomeranc, No. A-1839-15T2, 2017 WL 2960700, at *2
(N.J. Super. Ct. App. Div. Jul. 12, 2017) (citing Rock Work,
Inc. v. Pulaski Const. Co., 933 A.2d 988, 994-96 (N.J. Super.
Ct. App. Div. 2007)).  Here, the Agreement states that "the
prevailing party in an arbitration proceeding will be entitled
to reimbursement of reasonable attorney's fees." (Agreement at
Para 22)

     Once a party petitioning for attorney's fees "'submit[s]
evidence supporting the hours worked and rates claimed,' the
party opposing the fee application has the burden to challenge
the reasonableness of the requested fee." McKenna v. City of
Philadelphia, 582 F.3d 447, 459 (3d Cir. 2009) (quoting Hensley
v. Eckerhart, 461 U.S. 424, 433 (1983); citing Rode v.
Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).  The
district court "may not reduce an award sua sponte; rather, it
can only do so in response to **specific objections** made by the
opposing party." Interfaith Community Org. v. Honeywell Intern.,
Inc., 426 F.3d 694, 711 (3d Cir. 2005) (emphasis added) (citing
Bell v. United Princeton Properties, Inc., 884 F.2d 713, 719 (3d
Cir. 1989)).  "Where an opposing party lodges a **sufficiently
specific objection** to an aspect of a fee award, the burden is on
the party requesting the fees to justify the size of its award."
Interfaith, 426 F.3d at 713 (emphasis added).  In determining
whether the moving party has met its burden . . . 'it is

13

necessary that the [District] Court go line, by line, by line through the billing records supporting the fee request.'" Interfaith, 426 F.3d at 713 (quoting Evans v. Port Authority of New York and New Jersey, 273 F.3d 346, 362 (3d Cir. 2001) (internal quotations omitted)).  The court only has an obligation to "conduct a searching review," however, if the opposing party "carrie[s] its burden in objecting to certain aspects of the proposed fee award." See Interfaith, 426 F.3d at 714.

Here, Diskriter has not addressed the reasonableness of Virtua's proposed fee award at any point in its motion papers, despite ample opportunity.  Because Diskriter has not met its initial burden in providing any opposition to Virtua's proposed award, the Court is not required to "go line by line" through Virtua's billing records for the purposes of this Opinion.

However, the Court has reviewed the submitted billing records, and finds that Virtua's counsel fees appear reasonable in every way.  Indeed, the Court notes that the fee total includes a 12% discount of the standard billing rates for Virtua's counsel.

This Court will therefore award Virtua its requested reasonable attorney's fees and costs incurred in the course of its efforts to enforce the Award, in the amount of $41,616.71.

C. <u>Virtua's Requests for Interest</u>

Virtua additionally requests post-award pre-judgment interest on the Award, as well as post-judgment interest on the judgment entered by this Court.[2]

1. <u>Post-Award Pre-Judgment Interest on the Arbitrator's Award</u>

"In diversity cases, such as this case, federal courts must apply state law to award pre-judgment interest." <u>Air Express International v. LOG-NET, Inc.</u>, Civ. No. 12-1732-MAS, 2019 WL 1441196, at *16 (D.N.J. Mar. 31, 2019) (citing <u>Jarvis v. Johnson</u>, 668 F.2d 740, 746 (3d Cir. 1982)). "Under New Jersey state law, the purpose of prejudgment interest is to 'compensate the plaintiff for the loss of income that would have been earned on the judgment had it been paid earlier.'" <u>Thabault v. Chait</u>, 541 F.3d 512, 533 (3d Cir. 2008) (quoting <u>Ruff v. Weintraub</u>, 519 A.2d 1384, 1390 (N.J. 1987)). "[A]n award of prejudgment interest may run on contract claims in accordance with equitable principles." <u>Air Express</u>, 2019 WL 1441196, at *16 (citing <u>Litton Indus., Inc. v. IMO Indus., Inc.</u>, 982 A.2d 420, 430 (N.J. 2009)). The purpose of the award is not punitive. <u>Id.</u> (citing <u>Coffman v. Keene Corp.</u>, 608 A.2d 416, 424-25 (N.J. Super. Ct. App. Div. 1992)).

---

[2] Diskriter failed to address Virtua's requests for interest in its First and Second Cross-Motions.

Under New Jersey law, interest from an arbitration award runs from the date of the award rather than the date of confirmation by a court. See Reliable Water Co. v. Monroe Tp. Mun. Util., 396 A.2d 949 (N.J. Super. Ct. App. Div. 1977). Courts applying New Jersey law have determined the rate of interest for the period between an arbitration award and its confirmation using N.J. Court Rule 4:42-11(a). See Cabrera v. Hernandez, No. HUDC19016, 2017 WL 1024750, at *6 (N.J. Super. Ct. Ch. Div. Mar. 8, 2017).  The Rule states that for a post-1996 award exceeding $15,000.00, the interest rate

> shall equal the average rate of return, to the nearest
> whole or one-half percent, for the corresponding preceding
> fiscal year terminating on June 30, of the State of New
> Jersey Cash Management Fund (State accounts) as reported by
> the Division of Investment in the Department of the
> Treasury . . . plus 2% per annum.

N.J. Ct. R. 4:42-11(a)(ii)-(iii).

The Award was entered on October 21, 2019.  The preceding fiscal year terminated on June 30, 2019.  The New Jersey Department of the Treasury lists the average rate of return of the State of New Jersey Cash Management Fund (State Accounts) as 2.29%.[3]  Rounded to the nearest one-half percent, this comes to 2.5%; "plus 2% per annum" brings the applicable pre-judgment interest rate to 4.5%.

---

[3] See Division of Investment, "Cash Management Fund Rate of Return", https://www.nj.gov/treasury/doinvest/cash3.shtml (last visited on July 24, 2020).

16

The Court therefore will award Virtua $4,402.21 in interest for the 280-day period between October 21, 2019 (the date of the Award) and July 27, 2020 (the date of this Court's Order.)

2. Post-Judgment Interest on the Court's Judgment

"Post-judgment interest in federal court is governed by 28 U.S.C. § 1961, even in matters arising under diversity jurisdiction." Geiss v. Target Corp., Civ. No. 09-2208-RBK, 2015 WL 5227620, at *2 (D.N.J. Sept. 8, 2015) (citing Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988)). Under 28 U.S.C. § 1961, a post-judgment interest award is mandatory. Id. (citing Dunn v. HOVIC, 13 F.3d 58, 60 (3d Cir. 1993)). Such interest runs from the date of entry of judgment and is computed daily until the judgment is paid in full. Id.

28 U.S.C. § 1961(a) directs that the post-judgment interest rate be set as "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." The average 1-year constant maturity Treasury yield for the week of July 20, 2020, as published by the Federal Reserve Board of Governors, was 0.14%.[4]

---

[4] See Board of Governors of the Federal Reserve System, "Selected Interest Rates (Daily) – H.15", http://federalreserve.gov/releases /h15/ (last visited on July 24, 2020).

The Court therefore will award Virtua $0.67 per day in post-judgment interest until the full amount of the judgment is paid.

## IV.    CONCLUSION

For the foregoing reasons, Virtua's Motion to Confirm the Arbitration Award [Dkt. No. 04] will be **GRANTED** and Diskriter's Second Cross-Motion to Vacate the Arbitration Award [Dkt. No. 33] will be **DENIED**.  A corresponding Order shall issue on this date.

___s/ Renée Marie Bumb_____
RENEE MARIE BUMB
United States District Judge

Dated: July 27, 2020